Ernest **FRANCIS**, Plaintiff–Appellant,

v.

Joseph PELLEGRINO,* Administrative Judge, Paul M. Foti, Appellate Court Judge, Joseph Flynn, Appellate Court Judge, Barry Schaller, Appellate Court Judge, and Gary White, Superior Court Judge, Defendants–Appellees.

No. 04–4856–pr.

United States Court of Appeals, Second Circuit.

May 21, 2007.

Ernest Francis, pro se.

Richard Blumenthal, Attorney General, Maura Murphy Osborne, Assistant Attorney General, Hartford, CT, for Defendants–Appellees.

Present: AMALYA L. KEARSE, ROSEMARY S. POOLER, Circuit Judges, RICHARD MILLS,** District Judge.

## SUMMARY ORDER

Plaintiff-appellant Ernest Francis appeals from a judgment entered on August 5, 2004, in the United States District Court for the District of Connecticut (Kravitz, *J.* ), dismissing Francis's complaint in this case. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

We review *de novo* a district court's decision dismissing a claim under 28

U.S.C. § 1915(e)(2)(B). *See, e.g., McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir.2004). This Court is "free to affirm an appealed decision on any ground which finds support in the record, regardless of the ground upon which the trial court relied." *Leecan v. Lopes,* 893 F.2d 1434, 1439 (2d Cir.1990); *see, e.g., Headley v. Tilghman,* 53 F.3d 472, 476 (2d Cir.1995). In the present case, we affirm the dismissal of Francis's complaint because the district court lacked subject matter jurisdiction.

Although the district court dismissed Francis's claims on the basis of judicial immunity, that basis was inapplicable because Francis sought only prospective injunctive and declaratory relief. *See, e.g., Pulliam v. Allen,* 466 U.S. 522, 542–43, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984) ("We conclude that judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity."). Nonetheless, Francis's complaint was dismissable because it failed to demonstrate a basis for federal jurisdiction over his claims.

The Constitution "limits the jurisdiction of federal courts to 'Cases' and 'Controversies.' " *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 559, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). "In order to meet the 'case or controversy' requirement of Article III of the Constitution, a plaintiff must establish that he has standing. The constitutional minimum of standing contains three elements. These are (1) that the plaintiff suffered personal injury or threat of injury; (2) that the injury fairly can be traced to the action challenged . . . ; and (3) that the injury is likely to be redressed

---

* The Clerk of the Court is directed to correct the spelling of Joseph Pellegrino's name in the official caption to accord with the spelling in this order.

** The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

by the requested relief...." *Fund for Animals v. Babbitt,* 89 F.3d 128, 134 (2d Cir.1996) (citation omitted); *see Lujan,* 504 U.S. at 560–61, 112 S.Ct. 2130. These prerequisites mean that the plaintiff must show "injury in fact," i.e., an "invasion of a legally protected interest which is ... actual or imminent, not conjectural or hypothetical." *Lujan,* 504 U.S. at 560, 112 S.Ct. 2130 (internal quotation marks omitted).

Here, the complaint does not reveal any existing case or controversy for which declaratory or injunctive relief could be granted. Francis cannot allege that Judges Flynn, Foti, and Schaller are actually or imminently interfering with his access to the courts; Francis's state-court action seeking a correction of his Connecticut sentence was fully adjudicated by the Connecticut state courts. Similarly, Francis's claims against Judges Pellegrino and White do not constitute a case or controversy of sufficient immediacy. Because Francis's habeas claim has not yet been assigned to a judge, and may not be assigned to Judge White, the relief he seeks would have a merely speculative effect. We note further that even if Francis's case were to be assigned to Judge White, abstention would doubtless be proper pursuant to *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Finally, because Francis has not alleged any cognizable injury attributable to Judge White, Francis lacks standing to sue Judge Pellegrino for an injury resulting from an alleged conspiracy between the two judges.

For the reasons set forth above, the decision of the district court dismissing Francis's claim is hereby **AFFIRMED.**